Bernard R. Mazaheri
Oregon Bar Number 196610
Mazaheri & Mazaheri
701 Brickell Ave Ste 1550
Miami, Florida 33131
Email - Bernie@TheLaborFirm.com
Tel – (213) 347-1000

*Attorney for Plaintiff David Richmond*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**Eugene Division**

| | |
|---|---|
| **David Richmond,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HIV Alliance,**<br><br>**Defendant.** | **Case Number 6:26-cv-2486**<br><br>**COMPLAINT**<br>**ADA**<br>**42 U.S.C. § 12117** |

1. The Plaintiff, David Richmond, sues Defendant, HIV Alliance, for discrimination and retaliation in violation of the American with Disabilities Act (ADA).

2. Plaintiff was a pharmacist for Defendant.

3. Plaintiff worked for Defendant from on or about December 2018 through on or about May 30, 2025 in Eugene, Oregon.

4. Defendant employs over 15 employees.

5. Defendant was Plaintiff's employer.

6. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC).

7. The EEOC charge of discrimination was filed within 300 days of the discriminatory acts.

8. The allegations were continuing in nature.

9. The EEOC issued a notice of right to sue.

10. Plaintiff files his Complaint within 90 days of receiving his notice of right to sue.

11. Plaintiff filed his charge of discrimination on or about March 5, 2025.

12. Defendant received a copy of the charge of discrimination on or about March 13, 2025.

13. Defendant filed its position statement on or about May 1, 2025.

14. Defendant discharged Plaintiff on or about May 30, 2025.

15. Defendant is required to comply with the ADA.

16. Plaintiff has a disability as defined by the ADA.

17. Plaintiff has a Major Depressive Disorder and Generalized Anxiety Disorder.

18. Plaintiff and all other pharmacists for Defendant, worked remotely from 2020 through late 2023.

19. In late 2023, Defendant arbitrarily decided that some pharmacists needed to work in the office.

20. Defendant arbitrarily decided that a certain number of hours had to be in the office while other hours could be from home.

21. Plaintiff's manager told him that it was reasonable for him to work remotely fulltime.

22. Plaintiff was willing and able to meet with any of Defendant's clients/patients in person on as needed basis.

23. It was extremely rare for any of Defendant's clients/patients to request to see Plaintiff or any pharmacist in person.

24. Prior to seeking an ADA accommodation and exercising his rights under the ADA, Plaintiff had not received a negative performance review.

25. Defendant's executive director, Renee Yandel, prohibited Plaintiff's accommodation even though others in Defendant's organization found the accommodation request reasonable.

26. Plaintiff's direct supervisor, Britney Wright, after receiving Plaintiff's charge of discrimination advised Plaintiff that he had until June 2025, to increase his units to avoid being placed on a written performance plan.

27. Wright threatened a written performance plan, because Plaintiff filed a charge of discrimination.

28. Despite Wright's retaliatory threat that Plaintiff was not on a performance improvement plan but would be placed on one in June 2025, on May 30, 2025, Defendant discharged Plaintiff.

29. Yandel discharged Plaintiff in whole or in part because he requested an ADA accommodation and/or filed a charge of discrimination.

30. Olivia Stanley, the human resource director for Defendant, initially wanted to work with Plaintiff to provide an accommodation.

31. Stanley was overruled by Yandel, the executive director for Defendant.

32. Based upon information and belief, Barb Schwan is a pharmacist for Defendant that does not have a disability but was permitted by Defendant to work remotely.

33. Defendant has written employees up in the past without terminating the employees.

34. Defendant discharged Plaintiff in violation of the ADA.

35. Plaintiff’s therapist wrote a letter and communicated to Defendant that Plaintiff needed an accommodation.

36. Yet Defendant continued to deny Plaintiff’s request and prohibited Plaintiff’s therapist to directly communicate with Defendant.

37. Defendant directed Plaintiff’s medical provider to only communicate with Defendant’s counsel.

38. Defendant did not take into consideration whether an employee had a disability that required remote work.

39. Remote work does not create a hardship for Defendant.

40. In fact, all meetings occur via Zoom whether the employees are in the office or working remotely.

41. On or about April 29, 2024, Plaintiff requested a reasonable

accommodation from Defendant.

42. Human Resources for Defendant initially accommodated Plaintiff.

43. However, the Executive Director (Yandell) objected to Plaintiff working remotely full time.

44. Yandell acted in reckless disregard of the ADA and/or intentionally sought to circumvent the ADA.

45. Because Plaintiff has a disability, specifically mental health conditions, and requested an accommodation, Defendant has discriminated against Plaintiff and/or retaliated against him.

46. Due to the conduct of Defendant and its refusal to comply with Plaintiff's medical providers recommendations, Plaintiff was denied the opportunity to work with an adequate accommodation as of December 30, 2024.

47. Defendant's refusal to provide an accommodation has caused Plaintiff to miss work, lose sleep, and suffer due to Defendant's discrimination, harassment and retaliation.

**Count I – ADA Discrimination**

48. Plaintiff restates and incorporates paragraphs 1 through 47 as if fully stated herein.

49. Defendant knew that Plaintiff had a disability.

50. Defendant knew that Plaintiff had requested an accommodation under the ADA.

51. Defendant treated employees that did not have a mental health condition, had not requested an accommodation or filed a charge of discrimination with the EEOC more favorably.

52. Defendant discharged Plaintiff in whole or in part because he had a disability.

53. Defendant demanded that Plaintiff work at the facility for a specified number of hours each week in whole or in part because Plaintiff had a mental health condition that qualified as a disability.

54. Defendant claimed on or about May 2025 that Plaintiff had performance issues in whole or in part because Plaintiff had a disability under the ADA.

Wherefore, Plaintiff demands trial by jury, back pay, judgment,

compensatory damages, punitive damages, attorney's fees, costs and any other relief the Court deems just.

**Count II – ADA Retaliation**

55. Plaintiff restates and incorporates paragraphs 1 through 47 as if fully stated herein.

56. Plaintiff engaged in protected activity under the ADA.

57. Plaintiff requested an accommodation under the ADA.

58. Plaintiff filed a charge of discrimination pursuant to the ADA with the EEOC.

59. Defendant knew that Plaintiff requested an accommodation under the ADA.

60. Defendant knew that Plaintiff filed an EEOC charge.

61. Prior to asking for an accommodation under the ADA, Defendant had not written Plaintiff up or reprimanded him for performance.

62. Prior to filing a charge of discrimination under the ADA, Defendant had not disciplined Plaintiff or threatened a performance improvement plan.

63. After Plaintiff filed a charge and within thirty (30) days of Defendant submitting its position statement to the EEOC, Defendant threatened Plaintiff with a performance improvement plan.

64. After Plaintiff filed a charge and within thirty (30) days of Defendant submitting its position statement to the EEOC, Defendant discharged Plaintiff.

65. But for Plaintiff requesting an accommodation and/or filing a charge of discrimination with the EEOC, Defendant would neither have threatened Plaintiff nor discharged Plaintiff.

Wherefore, Plaintiff demands trial by jury, back pay, judgment, compensatory damages, punitive damages, attorney's fees, costs and any other relief the Court deems just.

Respectfully submitted this 11th day of November 2026,

*<u>/s/ Bernard R. Mazaheri</u>*
Bernard R. Mazaheri
Oregon Bar Number 196610
Mazaheri & Mazaheri
701 Brickell Ave Ste 1550
Miami, Florida 33131
Email - Bernie@TheLaborFirm.com
Tel – (213) 347-1000

*Counsel for Plaintiff*